United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-61036
Summary Calendar

KATHRYN DILEO,

Plaintiff-Appellant,

versus

JOHN ASHCROFT, ATTORNEY GENERAL OF THE UNITED STATES,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
(No. 5:04-CV-208)
--------------------

Before SMITH, WIENER and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Kathryn Dileo appeals the adverse summary judgment of the district court. That judgment dismissed with prejudice her Title VII[1] suit in which she claimed that her employer, the United States Department of Justice, Federal Bureau of Prisons, had discriminated against her on the basis of her sex when it suspended her for one day based on acknowledged misconduct.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from discriminating against their employees based upon race, color, religion, sex, or national origin. See 42 U.S.C. § 2000e-2(a)(1).

Having carefully reviewed the parties' briefs, the applicable case law, and the record on appeal, we affirm the district court's grant of summary judgment dismissing Dileo's complaint for failure to establish a prima facie case of discrimination.

On de novo review we conclude, as did the district court, that Dileo failed in her effort to establish a prima facie case of sex discrimination. She relied solely on "comparator evidence," yet none of the three male employees whom Dileo offered as comparables were in fact "similarly situated." The relevant aspects of their employment were not "nearly identical" to hers.[2] As Dileo did not present any other evidence sufficient to raise a genuine issue of material fact, summary judgment was proper. Based on our determination of this threshold issue, we do not reach the other arguments presented in the parties' briefs.

The district court's grant of summary judgment in favor of Dileo's employer is, in all respects,

AFFIRMED.

---

[2] See Okoye v. Univ. of Texas Houston Health Sci. Ctr., 245 F.3d 507, 514 (5th Cir. 2001); Smith v. Wal-Mart Stores, 891 F.2d 1177, 1180 (5th Cir. 1990).